# CV 14 - 1778

UNITED STATES DISTRICT COURT
EASTERN DISCTRICT OF NEW YORK

------------------------------------------------------------------------X

TAJUAN K. PARKER,

                                                    Plaintiff,

        -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, DETECTIVE PETER NANGLE,
TAX NO. 925814, DETECTIVE JULIO MICHELI, TAX
NO. 937106 and "JOHN AND JANE DOES" ARRESTING
OFFICERS OF THE 83RD PRECINCT and BROOKLYN
NORTH TASK FORCE,

                                                    Defendants,

------------------------------------------------------------------------X

Civil Action #:

**COMPLAINT**

**JURY TRIAL
DEMAND**

# BRODIE, J.

        Plaintiff, TAJUAN K. PARKER, by his Attorneys, the LAW OFFICE OF ANDREW

C. LAUFER, LLC, complaining of the Defendants, respectfully alleges, upon information and

belief, as follows:

## **NATURE OF ACTION**

1.    `  This is a civil action, pursuant to 42 U.S.C. § 1983 and 1988, seeking monetary

damages for Plaintiff, TAJUAN K. PARKER (Plaintiff, PARKER), due to his wrongful

arrest, detention, malicious prosecution and injuries sustained during his imprisonment

caused by the pervasive misconduct of THE CITY OF NEW YORK (CITY), the NEW

YORK CITY POLICE DEPARTMENT (NYPD), DETECTIVE PETER NANGLE

(NANGLE), TAX NO. 925814, DETECTIVE JULIO MICHELI (MICHELI), TAX NO.

937106 and "JOHN AND JANE DOES" ARRESTING OFFICERS OF 83RD PRECINCT and

BROOKLYN NORTH TASK FORCE.

2.      Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201, compensatory and punitive damages for violation of his civil rights actionable pursuant to 42 U.S.C. §§1981, 1983, 1985 and 1986 and an award of costs, disbursements and attorneys fees under 42 U.S.C. §1988.

3.      This lawsuit seeks to hold the Defendant CITY OF NEW YORK liable for the above misconduct under the Federal Civil Rights statute, 42U.S.C. § 1983 and *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). The unlawful actions of police officers, detectives and police personnel documented in this lawsuit resulted from affirmative or *defacto* municipal policies, practices and customs to violate the constitutional rights of criminal suspects, or from deliberate indifference by policy-making officials, acting on behalf of CITY OF NEW YORK, to such violations.

4.      The wrongful acts of the Defendants were willful, oppressive, intentional and malicious; therefore, punitive damages should be assessed against Defendants in an amount deemed sufficient to punish and deter Defendants and others in similar positions of authority from engaging in similar conduct in the future.

## JURISDICTION AND VENUE

5.      This case arises under 42 U.S.C. §1983, the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of New York.

6.      Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1343.

7.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as the underlying acts, omissions, events, injuries and related facts upon which the present

action are based, occurred in the County of Kings, City and State of New York.

8.      The Plaintiff is and was a citizen of the State of New York.

## THE PARTIES

9.      Plaintiff, TAJUAN K. PARKER, is a citizen and resident of the State of New York and of the United States, and resides within the Eastern District of New York.

10.     Defendant THE CITY OF NEW YORK (CITY) is a municipal corporation of the State of New York and is a resident of the Eastern District of New York.

11.     The NEW YORK CITY POLICE DEPARTMENT (NYPD) is an agency of THE CITY OF NEW YORK. Detectives and police officers employed by the NYPD are agents and employees of the CITY OF NEW YORK, which is legally responsible for torts they commit within the scope of their employment and/or under color of law.

12.     Defendant, DETECTIVE PETER NANGLE (NANGLE), TAX NO. 925814, at all relevant times, was a police officer in the NEW YORK CITY POLICE DEPARTMENT and employed by THE CITY OF NEW YORK, acted toward Plaintiff under color of statutes, ordinances, customs, and usage of the State of New York and the City of New York, and acted within the scope of his employment. He is sued in his individual and his official capacity.

13.     Defendant, DETECTIVE JULIO MICHELI, TAX NO. 937106, at all relevant times, was a police officer in the NEW YORK CITY POLICE DEPARTMENT and employed by THE CITY OF NEW YORK, acted toward Plaintiff under color of statutes, ordinances, customs, and usage of the State of New York and the City of New York, and acted within the scope of his employment. He is sued in his individual and his official capacity.

3

14.     Upon information and belief, Defendants "JOHN AND JANE DOES" ARRESTING OFFICERS OF THE 83rd PRECINCT and BROOKLYN NORTH TASK FORCE (OFFICERS) were residents of the State of New York, were police officers in the NEW YORK CITY POLICE DEPARTMENT and employed by THE CITY OF NEW YORK, acted toward Plaintiff under color of statutes, ordinances, customs, and usage of the State of New York and the City of New York, and acted within the scope of their employment. They are sued in their individual and official capacity.

15.     Plaintiff is ignorant of the names and capacity of Defendants sued herein as "JOHN AND JANE DOES" ARRESTING OFFICERS OF THE 83rd PRECINCT and BROOKLYN NORTH TASK FORCE (OFFICERS), inclusive, and therefore sues these Defendants by such fictitious name. Plaintiff is informed, believes and alleges, that each of the fictitiously named Defendants is legally responsible, intentionally, negligently, or in some other actionable manner, for the events and happenings hereinafter referred to, and thereby legally caused the injuries, damages and violations and/or deprivation of rights hereinafter alleged. Plaintiff will seek leave of the court to amend this Complaint and state true names and/or capacities of said fictitiously named Defendants when same have been ascertained.

16.     The reason why Plaintiff is ignorant of some of the true names and capacities of individual Defendants sued herein as representatives of the NEW YORK CITY POLICE DEPARTMENT, is that same have been unascertainable as of the date of filing of this Complaint, as many of these officers may be deputies, sergeants, captains, lieutenants, commanders, deputy chiefs and/or civilian employee agents, policy makers and representatives of Defendant CITY OF NEW YORK, and as such, many of their records are

4

protected by state statute and can only be reasonably ascertained through the discovery process.

17.     At all times relevant hereto, Defendants, THE CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT employed the individual Defendants, NANGLE, MICHELI and "JOHN AND JANE DOES" ARRESTING OFFICERS OF THE 83rd PRECINCT and BROOKLYN NORTH TASK FORCE, who were present and involved in the unlawful arrest and imprisonment of the Plaintiff on November 21, 2012.

18.     The individual Defendants were at all times mentioned herein duly appointed, qualified and acting officers of the NEW YORK CITY POLICE DEPARTMENT, acting within the course and scope of such employment with the CITY OF NEW YORK, and under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and the City of New York

19.     At all times relevant, the individual municipal Defendants, NANGLE, MICHELI  and "JOHN AND JANE DOES" ARRESTING OFFICERS OF THE 83rd PRECINCT and BROOKLYN NORTH TASK FORCE, were acting as employees of THE CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT. Notwithstanding their unconstitutional and unlawful conduct, the actions of the individual Defendants were taken in the course of their duties and were incidental to their otherwise lawful function as agents, servants and employees of THE CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

20.     Defendants CITY and NYPD, with deliberate indifference, gross negligence, and reckless disregard to the safety, security, and constitutional and statutory rights of Plaintiff and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies or practices of, among other things;

   a. Selecting, retaining and assigning NYPD personnel, civilian personnel and civilian volunteers who exhibit deliberate indifference and reckless disregard for the safety, security and constitutional and statutory rights of detainees and arrestees;

   b. Failing to adequately train, supervise, and control personnel, civilian employees or volunteers in the arts of law enforcement;

   c. Failing to adequately discipline personnel or civilian employees involved in misconduct; and

   d. Condoning and encouraging personnel and civilian employees in the belief that they can violate the rights of persons such as the Plaintiff in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

21.     Plaintiff is informed and believes, and on the basis of such information and belief alleges, that Defendants CITY and NYPD ordered, authorized, acquiesced in, tolerated, or permitted officer Defendants herein to engage in the unlawful and unconstitutional actions, policies, practices, and customs set forth. Defendants' conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by Defendants or on

6

Defendants' deliberate indifference, gross negligence, or reckless disregard to the safety, security, and constitutional and statutory rights of Plaintiff.

22.     In the early evening of November 21, 2012, Plaintiff was visiting and lawfully within the premises located at 36 Linden Street, Apartment D6, Brooklyn, New York.

23.     Police officers forced their way into the apartment by kicking down the front door. Plaintiff and two of his friends were forced to the floor and handcuffed.

24.     The officers claimed that they had a warrant to search the apartment with the name of a man called "Lameek Holmes". Plaintiff and his friends explained that "Lameek Holmes" does not now, nor did he ever, reside at that address. The warrant was never produced.

25.     Police ignored the men's pleas and the Plaintiff, with his friends, were forcibly removed from the apartment, without consent or just cause.

26.     The removal was performed by the officer Defendants with the knowledge and authority of supervisors at THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT.

27.     The decision to remove the Plaintiff from the apartment was made by the Defendants, acting jointly and individually.

28.     The removal was performed without a legal justification, authority or right.

29.     That this removal was performed without first getting a warrant.

30.     At no time did Plaintiff assault or attempt to assault any officer, nor did he present a threat or perceived threat to the personal safety of any officer or to the security of the public or officers present so as to warrant the unlawful search. Plaintiff did not

7

provoke his assault nor did he conduct himself in any manner that would warrant any use of force, much less the excessive force actually used.

31.     Plaintiff was arrested for a violation of New York Penal Article § 220.06, commonly known as criminal possession of a controlled substance.

32.     There were no drugs found on the Plaintiff's person or in the apartment where Plaintiff was present at the time of his arrest.

33.     Plaintiff was transported to the 83rd Precinct where he was fingerprinted and placed in a holding cell. Plaintiff was not photographed.

34.     At the Precinct and continuing at Central Booking, Plaintiff and his friends were subjected to extreme harassment and verbal abuse by NYPD personnel and other detainees concerning their appearance and sexual orientation. Officers forced Plaintiff, while handcuffed, to walk in a line in front of detainees while encouraging them to make jokes about the race, gender, appearance and sexuality of the Plaintiff and his friends.

35.     Around 12:30 pm on November 22, 2012, Plaintiff was released from NYPD custody before seeing a Judge and without any documentation concerning his detention. When Plaintiff requested paperwork from officers, the group was told that they could either "get rebooked to talk to a Judge about paperwork" or "get your black asses out". Plaintiff and his friends chose to leave.

36.     As a result of the foregoing, Plaintiff was deprived of his rights, privileges and immunities secured by the Constitution of the United States of America and of the State of New York, and his rights pursuant to 42 U.S.C §1983.

8

## FIRST CAUSE OF ACTION

37.    Plaintiff repeats and realleges each and every allegation contained above as though set forth at length herein.

38.    That on or about November 21, 2012, the Defendants, their agents, servants and employees, including but not limited to OFFICER Defendants herein, wrongfully and falsely arrested, imprisoned and detained Plaintiff without any right or justifiable grounds therefore.

39.    That the aforesaid arrest, detention and imprisonment continued at various locations.

40.    That the arrest, detention and imprisonment was caused by the Defendants, their agents, servants and employees, including but not limited to the individual Defendants herein, without a warrant and without any reasonable cause or belief that Plaintiff was in fact guilty of any crime.

41.    That the CITY, its agents, servants and employees, as set forth above, intended to confine Plaintiff; that Plaintiff was conscious of the confinement; that Plaintiff did not consent to the confinement; and that the confinement was not otherwise privileged.

42.    Notwithstanding the above, the unlawful arrest and prosecution of Plaintiff continued by Defendants despite the lack of facts, lack of investigation, and lack probable or reasonable cause to support the charges.

43.    Defendants NANGLE, MICHELI and "JOHN AND JANE DOES" ARRESTING OFFICERS OF THE 83rd PRECINCT and BROOKLYN NORTH TASK FORCE, violated Plaintiffs' rights under the Fourth Amendment of the United States Constitution when they arrested and imprisoned the Plaintiffs without probable cause, arguable probable cause or

other legal justification.

44.     That by reason of the false arrest, imprisonment and detention of Plaintiff, Plaintiff was subjected to great indignities, humiliation and ridicule in being so detained, and was caused to suffer much pain in both mind and body, and to sustain economic loss, and was otherwise damaged.

## SECOND CAUSE OF ACTION

45.     Plaintiff repeats and realleges each and every allegation contained above as though set forth at length herein.

46.     By virtue of the foregoing, the Officer Defendants, acting in concert with each other and with additional persons for whose acts they are liable, initiated, continued and/or caused the initiation or continuation of, criminal proceedings against Plaintiff.

47.     That following his arrest, Plaintiff was wrongfully, falsely and maliciously charged by Defendants and prosecuted with a crime of which he was innocent.

48.     The criminal proceedings terminated in Plaintiff's favor.

49.     There was no probable cause for the commencement or the continuation of the criminal proceedings.

50.     Defendants, with actual malice, initiated and continued, or caused the initiation and continuation of, criminal proceedings against Plaintiff for which they knew, or should have known, there was no probable cause, and for which in fact there was no probable cause, and thereby caused Plaintiff to be deprived of his liberty. Such proceedings ultimately were terminated in Plaintiffs favor.

51.     Defendants committed the foregoing violations of Plaintiff's rights knowingly, intentionally, willfully, recklessly, and/or with deliberate indifference to Plaintiff's constitutional rights or to the effect of such misconduct upon Plaintiff's constitutional rights.

52.     That as a result of the aforesaid malicious prosecution, Plaintiff was subjected to great indignities, humiliation and ridicule, was greatly injured in his credit and circumstances, and was caused to suffer much pain in both mind and body, and was otherwise damaged.

53.     By reason of the foregoing, the Defendants are liable to Plaintiff, pursuant to 42 U.S.C. §1983, for compensatory and for punitive damages.

54.     Defendant CITY OF NEW YORK is liable under the principal of respondeat superior.

### THIRD CAUSE OF ACTION

55.     Plaintiff repeats and realleges each and every allegation contained above as though set forth at length herein.

56.     Plaintiff was deprived of his rights, privileges and immunities secured by the Constitution of the United States of America and of the State of New York, and his rights pursuant to 42 U.S.C. § 1983 by those who, under color of a statute of regulation of a state, caused Plaintiff to be so deprived;

57.     That the aforesaid actions by Defendants NANGLE, MICHELI and "JOHN AND JANE DOES", ARRESTING OFFICERS OF THE 83rd PRECINCT and BROOKLYN NORTH TASK FORCE were done pursuant to an official municipal policy or a custom of THE CITY OF NEW YORK, which policy involved indiscriminate detention, interrogation, intimidation and prosecution of individuals were engaged in criminal conduct, and for the

11

purpose of thwarting the fair administration of justice.

58.     That Defendants herein, their agents, servants and employees, motivated in part by racial and/or ethnic animus, conspired to deprive Plaintiff of his federal civil rights and constitutional rights, in violation of 42 U.S.C. § 1985.

59.     Prior to Plaintiff's arrest, policymaking officials at the NYPD, with deliberate indifference to the constitutional rights of individuals suspected or accused of criminal activity, to the risk of arresting, prosecuting and convicting innocent people, and to the right of all criminal suspects and Defendants to due process and a fair trial, implemented plainly inadequate policies, procedures, regulations, practices, customs, training, supervision, and discipline concerning the determination of probable cause to make an arrest.

60.     The foregoing violations of Plaintiff's Federal Constitutional rights and injuries were further directly, foreseeably, proximately and substantially caused by conduct, chargeable to Defendant CITY, amounting to deliberate indifference to the constitutional rights of persons, including Plaintiff, who are investigated, arrested, or prosecuted for alleged criminal activities.

61.     The aforesaid deliberate or *defacto* policies, procedures, regulations, practices and/or customs (including the failure to properly instruct, train, supervise and/or discipline employees with regard thereto) were implemented or tolerated by policymaking officials for the Defendant CITY, including but not limited to, the NYPD Police Commissioner, who knew (or should have known):

      a.     to a moral certainty that such policies, procedures, regulations, practices and/or customs concern issues that regularly arise in the investigation and prosecution of

criminal cases;

b.     that such issues either present police employees with difficult choices of the sort that instruction, training and/or supervision will make less difficult or that the need for further instruction, training, supervision and/or discipline was demonstrated by a history of police employees mishandling such situations as well as the incentives that police employees have to make the wrong choice; and

c.     that the wrong choice by such employees concerning such issues will frequently cause the deprivation of the constitutional rights of criminal suspects or Defendants and cause them constitutional injury.

62.     Under the principles of municipal liability for federal civil rights violations, the CITY and NYPD, have the final responsibility for training, instructing, supervising, and disciplining police personnel with respect to the investigation and prosecution of criminal matters, including constitutional requirements governing arrest, interrogation of witnesses and the initiation of criminal prosecutions.

63.     The aforesaid policies, procedures, regulations, practices and/or customs of Defendants CITY and the NYPD were collectively and individually a substantial factor in bringing about the aforesaid violations by the Individual Defendants of Plaintiff's rights under the Constitution and Laws of the United States.

64.     Upon information and belief, the CITY was deliberately indifferent to the Plaintiffs' constitutional rights by failing to train and supervise the individual Defendants in the proper and lawful performance of their duties.

65.     Plaintiffs were deprived of their rights, privileges and immunities secured by the

Constitution of the United States of America and of the State of New York, and their rights pursuant to 42 U.S.C. § 1983 by those who, under color of a statute of regulation of a state, caused Plaintiff to be so deprived.

66.     By virtue of the foregoing, Defendant CITY is liable for having substantially caused the foregoing violations of Plaintiff's constitutional rights and his constitutional injuries.

67.     As a result of the CITY's culpable conduct in connection with the Defendants' unconstitutional conduct alleged herein, the Plaintiff has suffered loss of liberty, mental anguish, emotional distress, insult, embarrassment, humiliation, and other compensable injuries, for which he is entitled to an award of compensatory damages.

### DAMAGES DEMAND

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

1.     General and compensatory damages in an amount according to proof;

2.     Special damages in an amount according to proof;

3.     Statutory damages;

4.     Exemplary and punitive damages against each individual Defendant, not against the public entities, according to proof;

5.     Costs of suit, including attorneys' fees; and,

6.     Such other relief as may be warranted or as is just and proper.

Dated: New York, New York
         March 10, 2014

14

ANDREW C. LAUFER
Attorney for Plaintiff
Law Office of Andrew C. Laufer, PLLC
255 West 36th Street, Suite 1104
New York, New York 10018
(212)422-1020(Phone)
(212)422-1069(Fax)

15

To:

THE CITY OF NEW YORK
100 Church Street
New York, New York 10007

THE NEW YORK CITY POLICE DEPARTMENT
100 Church Street
New York, New York 10007

DETECTIVE PETER NANGLE, TAX NO. 925814
83rd Precinct
480 Knickerbocker Avenue
Brooklyn, New York 11237

DETECTIVE JULIO MICHELI, TAX NO. 937106
83rd Precinct
480 Knickerbocker Avenue
Brooklyn, New York 11237

"JOHN AND JANE DOES" ARRESTING OFFICERS OF THE 83RD PRECINCT
480 Knickerbocker Avenue
Brooklyn, New York 11237

"JOHN AND JANE DOES" of the BROOKLYN NORTH TASK FORCE
179 Wilson Avenue (Dekalb Avenue)
Brooklyn, New York 11221

16